DAMORJIAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 13—June 22, 1925.*

*Disorderly house: Knowledge of owner: Belief that leased premises were to be put to unlawful use.*

1. One knowingly renting a room for purposes of prostitution commits an offense under sec. 4589, Stats., even though the act is not accomplished or even intended by the lessee of the room. p. 447.
2. Proof of the knowledge of the lessor as to the use that was to be made of the room must generally be circumstantial. p. 447.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was convicted of a violation of the provisions of sec. 4589, Stats. 1923, which provides that—

"Any person who shall keep a house of ill fame, resorted to for the purpose of prostitution or lewdness, or who shall set up or keep a common bawdyhouse or brothel, or who shall set up, maintain or operate any place, structure, building or conveyance for the purpose of prostitution, lewdness or assignation, or who shall knowingly lease or let to another any place, conveyance, structure, house or other building or any room in any house or building for the purpose of being used as a house of ill fame, bawdyhouse or brothel or for purposes of prostitution, lewdness or assignation or knowing that it will be so used, or who shall receive, or offer or agree

to receive any person into any place, structure, building or conveyance for the purpose of prostitution, lewdness or assignation, or shall permit any person to remain there for such purpose, shall be punished . . .''

The substance of the evidence upon which the conviction was based was given by one Huebner, a police officer of the city of Milwaukee, who, in plain clothes, went into defendant's grocery store with a girl. He testified as follows:

"We went into this man's place of business and he was in the front of the store and we asked him if we could rent a room in the rear, we asked him if we couldn't use the rear room, the girl and I, and he said that we could but we would have to hurry up, it was Saturday night and the detectives were in the neighborhood, and I asked him what he would charge to use the room and he said a dollar and a half, and I gave him a ten-dollar bill marked previous to that, and he said he didn't have any time to make change then but when we got through, and I went into the rear room with this girl and he brought in a basin of water and a towel and we sat on the bed a few minutes when detectives Stout and Stange and Daetsch and Albert came in and asked him where the ten-dollar bill was and he took out the roll and we picked the ten-dollar bill we had marked from the top of the roll."

The police officer further testified that he and the girl went into the room about 10:15 p. m. and remained there about four minutes; that no illegal act took place and that none was intended when he rented the room. To test the correctness of his conviction the defendant sued out a writ of error.

The cause was submitted for the plaintiff in error on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney.

VINJE, C. J. The defendant claims that there is no evidence to show that he knowingly rented the room for the

purpose of prostitution, and that since it was not rented nor used for such a purpose no offense was committed.

It is quite clear that the defendant believed when he rented the room that it was to be used for the purpose of prostitution. He brought them a basin of water and a towel and told them to hurry because the detectives were in the neighborhood. From the whole conversation the jury could legitimately draw the inference that defendant supposed the room was to be used for the purpose of prostitution. He therefore knowingly offered it for such a purpose. Proof of knowledge under such circumstances must generally be circumstantial. *Haffner v. State,* 176 Wis. 471, 187 N. W. 173.

The statute does not require that an act of prostitution must be accomplished or even contemplated by the lessee in order to constitute an offense on the part of the lessor. One who knowingly offers a room for the purpose of prostitution commits an offense under the statute. The defendant did that, and it is quite immaterial that the act was not accomplished or even intended by the lessee. The offense is complete when a room is offered with the intent on the part of the one who offers it that it shall or may be used for the purpose of prostitution. The defendant did everything that could be done by him to assist in an illegal act. The statute is broad enough to prohibit such aid. It puts a ban upon knowingly aiding in the commission of such offenses by offering a place where they may be committed.

*By the Court.*—Judgment affirmed.